**RUSHOVICH MEHTANI LLP**
ELIOT J. RUSHOVICH (SBN 252343)
LISA M. WATANABE-PEAGLER (SBN 258182)
5900 Wilshire Blvd., Suite 2600
Los Angeles, California 90036-5013
Telephone:   (323) 330-0543
Facsimile:    (323) 395-5507
erushovich@rmlawpartners.com
lwatanabe@rmlawpartners.com

Attorneys for Plaintiff
PHUONG DOMINGUEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHUONG DOMINGUEZ, an individual<br><br>       Plaintiff,<br><br>       vs.<br><br>AMERICAN AIRLINES, INC. a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 2:15-cv-03169-AB (JEMx)<br>[Assigned to the Hon. Andre Birotte Jr., Courtroom 4 - 2nd Floor]<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>[Stipulation for Protective Order Regarding Confidential Documents and Information filed concurrently herewith]<br><br>Date Complaint Filed: April 28, 2015<br>Trial Date: October 18, 2016 |

PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION

# **PROTECTIVE ORDER**

Pursuant to the stipulation above and good cause appearing therefor, the Court hereby approves this Protective Order. This Protective Order shall govern handling of the parties' Confidential Information.

1. As used in this Protective Order, "Confidential Information" means all documents, information or other materials (including the contents thereof, copies, extractions, excerpts, summaries, compilations and any testimony or conversations that might reveal Confidential Information) that contain confidential, proprietary, trade secret or private information of a personal, financial or sensitive nature regarding the parties to this action, current or former employees of Defendant and/or any third parties. All information or material that any party believes in good faith fits within the above definition and is worthy of protection may be marked as "Confidential" (even if the party so marking did not produce the information or material), to be treated in accordance with the provisions of this Protective Order.

2. The parties may designate as "Confidential" and thereby subject to the terms of this Protective Order any materials, in any form, referring to the contents of Confidential Information as follows:

   a. If a document (as defined in Evid. Code § 250) contains Confidential Information and is produced by the party seeking to designate it as confidential, the party shall mark the face of each page of the document "Confidential." If a document containing Confidential Information is produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the document as confidential shall, within thirty (30) days, notify the other parties to the action in writing that it considers the document to contain Confidential Information and the adverse parties receiving the document shall treat it as confidential, and take steps they deem reasonably necessary to ensure that others who have received the document treat it as confidential, in accordance with the terms of this Protective Order. A party may designate, within thirty (30) days of

the date of this Protective Order, as Confidential any document produced prior to the date of this Protective Order.

   b.   If a discovery response contains Confidential Information and is served by someone other than the party seeking confidential treatment, the party seeking to designate the response as confidential shall, within thirty (30) days, notify the other parties to the action in writing that it considers the response to contain Confidential Information and the adverse parties receiving the response shall treat it as confidential, and take steps they deem reasonably necessary to ensure that others who have received the response treat it as confidential, in accordance with the terms of this Protective Order.  If the contents of Confidential Information are referred to in discovery responses served by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request, or may designate it as Confidential in writing within thirty (30) days of the date of this order, for responses that were made prior to the date of this Protective Order.

   c.   If Confidential Information is disclosed or referred to in testimony in any proceeding in this action, the party seeking to designate the testimony as confidential shall do so on the record at the time the testimony is given or by giving written notice to the parties within a reasonable time after the designating party's receipt of the transcript containing such testimony.  "Reasonable time" shall normally be 30 days from the designating party's receipt of the transcript containing such testimony.  The parties shall cooperate in allowing longer or shorter periods of time as needs of the case arise.

   3.   The parties may use each other's Confidential Information solely for purposes of the instant civil action, including for purposes of motions, hearings, briefs, trial preparation, trial and any mediation, and shall not use Confidential Information for any other purpose, and shall not disclose, communicate, produce, or otherwise make Confidential Information available to anyone except Qualified Persons specified in Paragraph 4 below.  Except as specifically provided herein, each Qualified

Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstracts or index thereof. To the extent that either party seeks to file with the Court any document containing Confidential Information, it shall comply with all applicable local rules with respect thereto, including, without limitation, Local Rule of Court 79-5.1 which requires such party to file an application to file papers under seal until a ruling on the application. Nothing in this Protective Order shall prevent or restrict a party from using, disclosing, producing, communicating or otherwise making available their own Confidential Information as they deem appropriate.

4. "Qualified Persons" to whom Confidential Information may be disclosed, communicated, produced or otherwise made available are:

   a. Attorneys for any party in this action and their associated lawyers, legal assistants, secretarial and clerical personnel engaged in assisting them in this litigation and who shall be advised and be bound by the terms of this Protective Order;

   b. Parties to the action;

   c. Any current or former officers, directors or employees of Defendant, and only as necessary for purposes of litigation;

   d. Any independent contractors of the parties (other than counsel's paralegals and assistants) hired or retained solely for the purpose of prosecuting or defending this action;

   e. Experts and consultants retained by the parties in this action to assist in the preparation and trial of this action;

   f. The Court and court personnel as needed for the purposes of this litigation, and court reporters at deposition and trial or in connection with any hearing in this action;

   g. Third parties who are deposed by any party in this action, or third parties who counsel for any party reasonably believes in good faith may be potential witnesses in this action;

    h.  Any mediator(s) in this case; and

    i.  Any other person whom the parties agree upon in writing.

  5.  Confidential Information may be disclosed to Qualified Persons identified in Paragraphs 4(a), (b), (c), (f) and (h) above, without notice. Information designated as Confidential Information may be disclosed to Qualified Persons identified in Paragraphs 4(d), (e), (g) and (i) only on the condition that the disclosing party (1) advises such Qualified Persons of the contents of this Protective Order and (2) has them sign the acknowledgment (attached to this Protective Order) stating that he or she has received and agrees to be bound by the terms of this Protective Order. If any Qualified Person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time. Executed copies of such acknowledgments shall be retained by the party obtaining them and shall be made available for inspection and copying by the other parties or upon order of the Court.

  6.  By agreeing to the procedures set forth in this Protective Order, the parties are not agreeing to produce any documents or waiving or prejudicing any objection they may have to the production of any documents. Nothing contained herein shall prejudice the right of a party to object to the production of any documents. In addition, the fact that a party has entered into this Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections the party may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This Protective Order does not prejudice the right of any party to apply to the Court for an Order compelling production of documents or to apply to the Court for: (1) a further Protective Order relating to any discovery in this action; or (2) an Order declaring that a document or information designated as "Confidential" is not confidential and should not be subject to this Protective

Order; and likewise does not prejudice the right of any party to object to any such application or motion.

7. Within sixty (60) days after final disposition of this action, the parties shall return the Confidential Information produced by the other parties, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to any of the individuals or entities identified in Sections 4(c)-(e), (g) and (i), and those appended to depositions, and shall destroy all working copies thereof in their possession. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts, or Court opinions and orders (although the restrictions imposed herein shall continue to apply to any Confidential Information attached to such pleadings, motions, briefs, or supporting affidavits). The parties shall have no duty under this Section to return their own Confidential Information, even if produced by another party.

8. This Protective Order does not preclude the parties from seeking immediate relief from this Order on such notice as is appropriate under the circumstances, or from seeking such other relief or protective orders as may be appropriate under the Code of Civil Procedure. The parties may apply to the Court for modification of, or release from, this Protective Order. Prior to any such application, the parties shall meet and confer and seek agreement to such modification or release.

9. If at any time a party objects to a designation of information and discovery materials as Confidential under this Order, the objecting party shall notify the disclosing party in writing. The objecting party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such notice, the disclosing party and objecting party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the disclosing party may, within fifteen (15) calendar days, make an application to the Court for a ruling on the disclosing party's designation of the information or materials as Confidential. The party seeking the

order has the burden of establishing that the material is entitled to protection. If the disclosing party does not make any such application (and the parties were not otherwise able to resolve their disagreement during the aforementioned meet and confer period), the information in question will not be deemed Confidential. While any such application is pending, the documents or material subject to that application will be treated as confidential in accordance with the terms of this Protective Order until the Court rules. Nothing herein shall be construed as preventing any party from objecting to the designation of any document as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

10. Each party shall have the responsibility, through counsel, to advise the disclosing party of any losses or compromises of Confidential Information governed by this Protective Order. It shall be the responsibility of the party that lost or compromised the Confidential Information of the disclosing party to take reasonable measures to limit the loss or unauthorized disclosure.

11. Nothing in this Protective Order shall prejudice in any way the rights of any party to introduce into evidence in any pleadings or at trial, any document, testimony, or other evidence subject to this Protective Order, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation.

12. Any non-party producing Confidential Information in the action may designate such materials as Confidential in accordance and consistent with the terms and provisions of this Protective Order.

13. If any information designated as Confidential is inadvertently produced without being marked in accordance with this Protective Order, the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. Until the document or other material is designated as Confidential by the party producing it, the party discovering the document or material shall be entitled to treat the document as non-confidential. When the

document or material is designated as Confidential, however, counsel to the party discovering it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential or returned to the party producing the document or material for "Confidential" designation pursuant to this Protective Order.

14. This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

15. If additional persons become parties to the action, such parties shall not have access to Confidential Information produced by or obtained from any disclosing party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

**IT IS SO ORDERED.**

Date: April 4, 2016

_John E. McDermott_
THE HONORABLE JOHN E. MCDERMOTT
United States Magistrate Judge

# **PROTECTIVE ORDER ATTACHMENT**

### (Acknowledgement Form)

I, _____ (name), am _____

_____ (relationship to parties and action).  I have been provided a copy of the Protective Order entered by the Court in *Phuong Dominguez v. American Airlines, Inc., et al., California Central District Court Case No. 2:15-cv-03169-AB (JEMx),* concerning the parties' Confidential Information (as identifies in the Protective Order).  I have read and understand the Protective Order and I agree that I shall be bound by its provisions, to use Confidential Information I receive solely for purposes of this case, and to maintain the confidentiality of this information.  At the conclusion of the case, I agree to return to the furnishing party's counsel all such Confidential Information I receive, including any copies thereof.  I submit to the jurisdiction of the California Central District Court for purposes of enforcement of this Protective Order.

_____         _____
Date                                     Signature

_____
Print Name

_____
Authorized Agent for [print name of corporation] (if applicable)

PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION